UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

_____

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| BOWMAN BROTHERS, INC., and | ) |
| ST PAUL FIRE AND MARINE INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Defendants | ) June 14, 2006 |

## COMPLAINT

The Plaintiff, North American Specialty Insurance Company ("NAS Surety"), complains and alleges against Defendants, Bowman Brothers, Inc. ("Bowman Brothers") and St. Paul Fire and Marin Insurance Company ("St Paul Surety") as follows:

### JURISDICTION

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, and because there is complete diversity of citizenship between the parties.

2.     Venue is proper in the District of Maine under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this District.

### THE PARTIES

3.     The Plaintiff, North American Specialty Insurance Company, is a corporation organized and validly existing under the laws of the State of New Hampshire with a principal

place of business in the State of Illinois.  At all times material hereto, NAS Surety was engaged in doing business as an underwriter of contract surety bonds.

4.      Defendant, Bowman Brothers, Inc., is a corporation organized and existing under the laws of the State of Maine with a  principal place of business in Newport, Maine.  At all times material hereto, Bowman Brothers was engaged in doing business as a general contractor on a construction Project known as Lincolnville Central School, Lincolnville, Maine.

5.      Defendant, St. Paul Surety, is a corporation organized and existing under the laws of the State of Minnesota with a principal place of business in St. Paul, Minnesota.  At all times material hereto, St. Paul Surety was engaged in doing business as an underwriter of contract surety bonds.

6.      On or about June 23, 2004, Defendant, Bowman Brothers, entered into a contract with non-party, Town of Lincolnville School Department, for the construction of a project known as Lincolnville Central School located in Lincolnville, Maine (the "Project").

7.      On or about June 24, 2004, Defendant, St. Paul Surety, acting as Surety, with Bowman Brothers as its Principal, issued Payment Bond No. TD1703 for the benefit of those supplying labor, materials and equipment to the Project.  Said bond was issued pursuant to the requirements of  14 M.R.S.A. § 871.

8.      Pursuant to 14 M.R.S.A. § 871, the subject Payment Bond was provided for the protection of persons supplying labor, materials or equipment in the prosecution of work for the Project.  Under the terms of the Payment Bond, St. Paul Surety is obligated to guarantee and promptly satisfy all claims and demands incurred for all labor and materials, used or required by Bowman Brothers in connection with the work contemplated for the Project.

9.      On or about June 27, 2004, Bowman Brothers subcontracted with non-party, Southwind Industrial Services, Inc. ("Southwind") to furnish certain labor, materials and equipment for the construction of the Project.

10.      In accordance with the Subcontract, Southwind requested, and NAS Surety issued, a Payment Bond for the benefit of Southwind's subcontractors and suppliers on the Project and a Performance Bond guaranteeing Southwind's performance of the Subcontract.

11.      After construction of the Project commenced, Bowman Brothers asserted, on or about April 29, 2005, that it defaulted Southwind for failing to perform its work in accordance with the Subcontract and purported to terminate Southwind's Subcontract.  Bowman Brothers requested that NAS Surety perform Southwind's remaining obligations under the Subcontract in accordance with the terms and conditions of NAS Surety's Performance Bond.

12.      NAS Surety agreed to complete Southwind's work under the Subcontract under a full reservation of rights.  NAS Surety and Bowman Brothers subsequently entered into a Completion Agreement on August 17, 2005 setting forth the terms and conditions under which NAS Surety would act as the completing subcontractor to Bowman Brothers utilizing the labor, equipment and other resources of Southwind and others.  A true and accurate copy of the Completion Agreement is attached hereto as **Exhibit A**.

13.      Bowman Brothers agreed in the Completion Agreement to pay the entire remaining Subcontract Balance to NAS Surety for completing Southwind's work on the Project and to pay NAS Surety for this work in accordance with the terms and conditions of Southwind's Subcontract and the Completion Agreement.

14.      Representatives of Bowman Brothers also assured NAS Surety that it would be paid for the labor, materials and equipment provided to the Project in a timely manner and in

accordance with the parties' written agreement.  Based upon these representations and assurances, and Bowman Brothers' requests, NAS Surety furnished labor, materials and equipment to the Project in accordance with the parties' agreement.

**COUNT ONE**          **[Breach of Contract as to Bowman Brothers]**

15.     Paragraphs 1 through 14 of the Complaint are incorporated herein by reference, as if more fully set forth herein.

16.     At all times material hereto, Plaintiff honored its agreement with the Defendant, Bowman Brothers, and provided all of the labor, materials and equipment requested by Bowman Brothers and required by the parties' agreement.

17.     After NAS Surety substantially completed the Project, Bowman Brothers ceased issuing payments in accordance with NAS Surety's Applications for Payment and in material breach of the Completion Agreement.

18.     Despite repeated demands from NAS Surety, Bowman Brothers has failed, refused and/or neglected to pay NAS Surety for its work which was performed pursuant to the Completion Agreement and Subcontract.  Bowman Brothers' conduct in this regard amounts to a wrongful withholding of subcontract proceeds pursuant to 10 M.R.S.A. § 1118.

19.     As a result thereof, Defendant, Bowman Brothers has breached the Completion Agreement.

20.     As a direct and proximate result of Bowman Brothers' breach of contract, NAS Surety has suffered and continues to suffer monetary damages.

**COUNT TWO**          **[Unjust Enrichment as to Bowman Brothers]**.

21.     Paragraphs 1 through 4 of the Complaint are incorporated herein by reference, as if more fully set forth herein.

22.     Commencing on or about August 17, 2005, at the request of Bowman Brothers, NAS Surety furnished certain labor, materials and equipment to the Project.

23.     The reasonable value of the labor, materials and equipment provided by NAS Surety to the Project, for which it has not been paid is in excess of $88,000.00, excluding interest, costs and attorneys' fees.

24.     By virtue of the use of labor, materials and equipment provided by NAS Surety to the Project, which Bowman Brothers now refuses to pay for, Bowman Brothers has been unjustly enriched to NAS Surety's detriment.

25.     Bowman Brothers is obligated in equity to compensate NAS Surety for the reasonable value of the labor, materials and equipment furnished to the Project, plus a reasonable allowance for profit and overhead.

**COUNT THREE**        **[Claim Against St. Paul Surety Under Public Works Contractors' Surety Bond Law of 1971]**

26.     Paragraphs 1 through 25 of the Complaint are incorporated herein by reference, as if more fully set forth herein.

27.     On or about December 16, 2005, NAS Surety provided St. Paul Surety with written notice of its claim against Bowman Brothers and against the Payment Bond issued by St. Paul Surety for the Project.  Said notice complied with all applicable notice requirements required by 14 M.R.S.A. § 871 and the Payment Bond.  Plaintiff has complied with all necessary preconditions for setting forth a valid claim against the Payment Bond.

28.     St. Paul Surety acknowledged receipt of NAS Surety's claim against the Payment Bond on December 30, 2005.

29.     Plaintiff, NAS Surety, is a proper claimant as defined by both the terms of the Payment Bond and 14 M.R.S.A § 871.

30.     Despite having received proper notice, St. Paul Surety breached its obligations under the Payment Bond and Maine law by failing and/or refusing to issue payment for the amounts due and owing NAS Surety for labor, materials and equipment furnished to the Project.

31.     Defendant, St. Paul Surety, has wrongfully failed and refused to honor its obligations under the Payment Bond and 14 M.R.S.A. § 871.  As a direct and proximate result of St. Paul Surety's actions, the Plaintiff has suffered substantial and ascertainable damages.

**WHEREFORE**, the Plaintiff claims the following relief:

1.     Money damages against all Defendants;

2.     Attorneys' fees, penalties and interest pursuant to 10 M.R.S.A. § 1118 against Defendant, Bowman Brothers;

3.     Interest against Bowman Brothers pursuant to 10 M.R.S.A. § 1114(4);

4.     Interest against all Defendants;

5.     Costs against all Defendants; and

6.     Any other relief the Court deems appropriate.

Dated: June 14, 2006

/s/ Thomas B. Wheatley
Thomas B. Wheatley, Bar # 2144
Fenton, Chapman, Wheatley & Kane, P.A.
109 Main Street
Bar Harbor, ME 04609
(207) 288-3331
tbwheatley@msn.com

Peter E. Strniste, Jr.
Brown Raysman Millstein Felder & Steiner LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT 06103
(860) 275-6400
pstrniste@brownraysman.com

Counsel for Plaintiff
North American Specialty Insurance Company